AL:RTP/MSM
F. #2017R00999

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IN THE MATTER OF AN APPLICATION
FOR SEARCH WARRANT FOR DNA SAMPLES
FROM THE PERSONS KNOWN AND
DESCRIBED AS (1) TYSHEEN COOPER,
INMATE NUMBER 90162-053 AND (2) SHAROD
LIBURD, INMATE NUMBER 90160-053

AFFIDAVIT IN SUPPORT
OF AN APPLICATION FOR
SEARCH WARRANT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

GREGORY C. KIES, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

Upon information and belief, there is probable cause to believe that evidence of violations of the Hobbs Act, Title 18, United States Code, Section 1951, will be obtained by the taking, and preserving as evidence, of buccal swab samples from (1) TYSHEEN COOPER, Inmate Number 90162-053 and (2) SHAROD LIBURD, Inmate Number 90160-053.[1]

---

[1] Some of the courts that have addressed the issue have found that obtaining DNA via saliva is subject to the protections of the Fourth Amendment. See United States v. Nicolosi, 885 F. Supp. 50, 51-56 (E.D.N.Y. 1995) (Glasser, J.); In re Shabazz, 200 F. Supp. 2d 578, 581-85 (D.S.C. 2002). But see United States v. Owens, 2006 WL 3725547, at *6-17 (W.D.N.Y. Dec. 15, 2006) (finding probable cause not necessary for a saliva sample for DNA from an inmate); In re Vickers, 38 F. Supp. 2d 159, 165-68 (D.N.H. 1998) (permitting saliva sample by grand jury subpoena).

The source of your deponent's information and the grounds for his belief are as follows:[2]

1. I have been a Special Agent with the FBI for more than fourteen years and am currently assigned the Brooklyn/Queens Resident Agency, where I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for narcotics-trafficking, gang activity, and violent crimes, including robberies. These investigations are conducted both in an undercover and overt capacity. I have participated in investigations involving search warrants and arrest warrants. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

2. I am familiar with the facts and circumstances of the investigation from my personal participation in the investigations as well as discussions with other law enforcement agents, including New York City Police Department officers, and other law enforcement agencies and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another agent or law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have

---

[2] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to search, I have not set forth all of the facts and circumstances relevant to this investigation.

2

spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

3. On June 1, 2017, the grand jury returned an indictment (the "Indictment") charging TYSHEEN COOPER and SHAROD LIBURD and GABRIELE HERBERT[3] with a Hobbs Act robbery and Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 1951, and brandishing a firearm in connection with those offenses, in violation of Title 18, United States Code, Section 924(c). See 17 CR 296 (ILG).

4. The Indictment is based on a robbery of John Doe, whose identity was known the grand jury, in the early morning hours of May 24, 2017 within the Eastern District of New York. During the robbery, TYSHEEN COOPER and SHAROD LIBURD brandished firearms at John Doe and, after the two men took John Doe's property, the two men got inside a white Nissan with a Pennsylvania license plate (the "White Nissan"), driven by GABRIELE HERBERT.

5. After being robbed, John Doe followed the White Nissan from the location where he had been robbed in Queens, New York to a location in Brooklyn, New York, where all of the defendants were arrested inside the White Nissan.

6. After the three defendants were arrested, law enforcement officers recovered two firearms from inside the White Nissan.

---

[3] SHAROD LIBURD and TYSHEEN COOPER are incarcerated in the Eastern District of New York. As GABRIELE HERBERT is not currently located in the Eastern District of New York, the government is not seeking a warrant for DNA samples from her at this time.

7.  Forensic analysts were able to recover DNA from each of the two firearms recovered from inside the White Nissan.

8.  Based on the above information, there is probable cause to believe that TYSHEEN COOPER and SHAROD LIBURD may be a source of the DNA evidence found on the two firearms recovered from inside the White Nissan. Therefore, there is probable cause to believe that buccal swab samples from TYSHEEN COOPER and SHAROD LIBURD may constitute evidence of their participation in the above-referenced offenses. WHEREFORE, your deponent requests that a search warrant issue authorizing law enforcement and support personnel to take and preserve as evidence buccal swab samples from (1) TYSHEEN COOPER, Inmate Number 90162-053 and (2) SHAROD LIBURD, Inmate Number 90160-053. An appropriately trained law enforcement officer, or an appropriately trained designee, will collect the samples. The samples seized will be

subsequently submitted to a forensic laboratory for examination and will be subject to examination, testing and analysis.

_____
GREGORY C. KIES
Special Agent
Federal Bureau of Investigation

Sworn to before me this
5th day of September, 2017

_____
THE HONORA    S/Orenstein
UNITED STAT.
EASTERN DIST